UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEI GAN, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY, *et al.*,<br><br>     Defendants. | Civil Action No. 16-711-RMC |

## DEFENDANTS' ANSWER BY COMMON TRAVERSE

Defendants answer Plaintiffs' complaint, ECF No. 1, by common traverse as follows:

Plaintiffs seek review under the Administrative Procedure Act ("APA") of final agency actions by the United States Citizenship and Immigration Services ("USCIS") denying Plaintiffs' Form I-526 Immigrant Petitions by Alien Entrepreneur ("I-526 petition(s)"), seeking classification as employment-based fifth preference ("EB-5") immigrant investors. *See* ECF No. 1 ¶¶ 1, 17, 105. Defendants answer by way of a general denial or common traverse of all allegations relating to the administrative proceedings and the agency's final decisions in this case. *See* Fed. R. Civ. P. 8(b)(3).

When a party seeks review of an agency action under the APA, the entire case on review is a question of law, and the complaint, properly read, actually presents no factual allegations, but rather only arguments about the legal conclusions to be drawn about the agency action. *See Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). As such, resolution of the issues in this case does not require fact finding on behalf of the Court. *See Am. Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001); *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 130 (D.D.C.

1

2013); *Comment*, Local Rule 7(h).  Rather, the facts in this case are limited to the administrative record.  *See* 5 U.S.C. § 706; *Hill Dermaceuticals v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013).

Most of Plaintiffs' complaint sets forth characterizations of the statute and regulations with legal conclusions, ECF No. 1 ¶¶ 12, 18-19, 34-38, 48, 53, 60-62, 69-70, 77-78, 80-84, 94-95, 97, 105-108, 111, in conjunction with arguments that the agency's actions fail to comply with the statute and regulations, or are otherwise contrary to law, *id.* ¶¶ 15-16, 48, 70, 99-100, 102-105, 107, 109.  Defendants answer by way of a general denial or common traverse of Plaintiffs' characterizations of the law and Plaintiffs' arguments pertaining to the legal conclusions to be drawn about the agency's actions in this case.  *See* Fed. R. Civ. P. 8(b)(3).

Plaintiffs' complaint also contains their characterization of the facts in the administrative record, including their characterizations of the agency's factual findings, interpretations, and conclusions.  ECF No. 1 ¶¶ 2-11, 13-16, 33, 39-47, 49-69, 71-76, 78-81, 85-93, 95-97.  Because Plaintiffs' factual allegations are merely legal conclusions for review by the Court, *see Rempfer*, 583 F.3d at 865, Defendants answer by way of general denial or common traverse of all allegations relating to Plaintiffs' characterization of the facts in the administrative record.  *See* Fed. R. Civ. P. 8(b)(3).  Defendants will provide Plaintiffs with the administrative record and Plaintiffs will serve relevant portions of the administrative record on the Court in the form of a Joint Appendix agreed upon by both parties in accordance with Local Rule 7 so that the Court can determine whether, as a matter of law, the agency's actions are reasonable and in accordance with the governing statute and regulations.

Defendants admit that the named Plaintiffs are parties to this lawsuit, ECF No. 1 ¶¶ 21-26.  As to Plaintiff Wei Gan, Defendants admit that she filed an I-526 petition on June 17, 2013, and a Form I-290B Motion to Reopen ("motion to reopen") in March of 2015, and that the

agency denied her I-526 petition on February 10, 2015, and dismissed her motion to reopen on September 3, 2015.  *Id.* ¶ 21.  Defendants clarify that USCIS's Administrative Appeals Office ("AAO") issued a decision on Plaintiff Wei Gan's subsequently-filed Form I-290B Notice of Appeal ("appeal") on May 11, 2016.  *Id.*  As to Plaintiff Wentao Huang, Defendants admit that he filed an I-526 petition with USCIS on August 20, 2013, which the agency denied on February 10, 2015; that the agency dismissed his subsequently-filed motion to reopen on August 6, 2015; and that the AAO rejected his subsequently-filed appeal on March 22, 2016.  *Id.* ¶ 22.  Defendants admit that Plaintiff Jian Wang filed an I-526 petition on July 15, 2013, which the agency denied on February 10, 2015.  *Id.* ¶ 23.  Defendants admit that Plaintiff Xue Wang filed an I-526 petition on July 12, 2013, which the agency denied on February 6, 2015.  *Id.* ¶ 24.  Defendants admit that Plaintiff Xiaomeng Xu filed an I-526 petition on September 13, 2013, which the agency denied on February 10, 2015.  *Id.* ¶ 25.  Defendants admit that Plaintiff Lihong Yang filed an I-526 petition on April 2, 2013, which the agency denied on February 23, 2015.  *Id.* ¶ 26.  Defendants admit that the AAO issued decisions on the appeals submitted by Plaintiffs Jian Wang, Xiaomeng Xu, and Lihong Yang on March 25, 2016.  *Id.* ¶¶ 23, 25, 26.  Defendants admit that the AAO issued a decision on the appeal submitted by Plaintiff Xue Wang on April 5, 2016.  *Id.* ¶ 24.  Defendants lack knowledge or information sufficient to form a basis as to all other allegations in paragraphs 21-26.

Defendants admit that the named Defendants are parties to this lawsuit.  ECF No. 1 ¶¶ 27-32.

Defendants admit that venue is proper in the District of Columbia.  ECF No. 1 ¶ 20.

Defendants clarify that, for Plaintiffs Wei Gan, Jian Wang, Xue Wang, Xiaomeng Xu, and Lihong Yang, the AAO decisions on each of their appeals of the denial of their I-526

3

petitions constitute the final agency action in this case, while, for Plaintiff Wentao Huang, USCIS's decision on his motion to reopen on August 6, 2015, constitutes the final agency action subject to judicial review. ECF No. 1 ¶ 98. The remaining allegations in paragraph 98 are legal conclusions that require no response. To the extent a response is deemed necessary, Defendants deny the remaining allegations in paragraph 98.

Defendants deny that Plaintiffs are entitled to any relief. ECF No. 1, at 34-35 ("Prayer for Relief").

Defendants deny any and all remaining allegations in the complaint.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' complaint and as separate affirmative defenses, Defendants state as follows:

1. Relief should be denied as an exercise of judicial discretion to withhold relief.

2. Plaintiffs have suffered no injury.

3. All actions taken by Defendants were grounded in good faith and are not in violation of any federal law or the United States Constitution.

4. Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiffs on notice that Defendants raise the following defenses—as set forth in Federal Rules of Civil Procedure 8 and 12 and the APA, 5 U.S.C. § 704—should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, fraud, failure to state a claim, exhaustion, and lack of final agency action.

5. Defendants reserve the right to amend this answer as necessary.

## PRAYER FOR RELIEF

WHEREFORE, Defendants having fully answered Plaintiffs' complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

DATED: July 25, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: *s/ Kathryne M. Gray*
KATHRYNE M. GRAY
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7386
Fax: (202) 305-7000
Email: kathryne.m.gray@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that on July 25, 2016, I electronically filed the foregoing DEFENDANTS' ANSWER BY COMMON TRAVERSE with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the following attorney of record:

    Jason D. Wright
    WRIGHT LAW FIRM
    40 Fulton Street
    23rd Floor
    New York, NY 10038
    Tel: (202) 285-8000 (ext. 6365)
    Fax: (917) 677-8577
    Email: jwright@jasonwrightesq.com


DATED:   July 25, 2016

                                                *s/ Kathryne M. Gray*
                                                KATHRYNE M. GRAY
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division